## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEANNA PONTING,                          )
                                         )
                          Plaintiff,     )
                                         )
         vs.                             )        Case No. 20-2410-DDC-KGG
                                         )
JOSHUA JORGENSEN, *et al.*,              )
                                         )
                          Defendant.     )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## REQUEST FOR COUNSEL, AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint alleging violations of her
civil rights by the Sedgwick County Sheriff's Department (Doc. 1), Plaintiff
Deanna Ponting has also filed an Application to Proceed Without Prepaying Fees
or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit
(Doc. 3-1).  Plaintiff also filed a motion requesting appointment of counsel.  (Doc.
4.)  After review of Plaintiff's motion, as well as the Complaint, the Court
**GRANTS** the IFP application (Doc. 3) and **DENIES** the request for counsel (Doc.
4).  The Court also **recommends dismissal** of Plaintiff's claims to the District
Court.

1

**A.      Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she is 43 and single with no dependents.  (Doc. 3-1, sealed, at 1-2.)  Plaintiff is currently employed,

earning a modest wage. (*Id.*, at 2-3.) She does not list any government benefits or other sources of income. (*Id.*, at 4-5.) She does not own real property or an automobile. (*Id.*, at 3-4.) She lists a no cash on hand or savings. (*Id.*, at 4.) She lists a modest amount for monthly rent as well as amounts for various utilities and groceries. (*Id.*, at 5.) Plaintiff pays a monthly amount to the Sedgwick County District Court, which appears to be related to be related to the arrest at issue in this lawsuit. (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## B.    Request for Counsel.

Also pending before the Court is Plaintiff's request for appointment of counsel. (Doc. 4.) The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the

sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9

(10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is

deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to

afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); *Castner v.*

*Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII).  Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may

discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Based on the analysis relating to Plaintiff's *IFP* motion, *supra*, Plaintiff's

financial situation would make it impossible for her to afford counsel.  The second

factor is Plaintiff's diligence in searching for counsel.  Plaintiff has used the form

motion provided by this District which clearly indicates that "before seeking an

appointed attorney, a plaintiff confer with (not merely contact) at least five

attorneys regarding legal representation."  (Doc. 4.)  Plaintiff appears to have

4

contacted at least six attorneys and/or law firms, none of which were willing to represent her. Plaintiff's diligence in seeking counsel weighs in her favor.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. The Court has serious concerns as to the viability of Plaintiff's claims. Plaintiff contends the Sedgwick County Sheriff's Department broke into her home "with guns drawn on [her] and put [her] in handcuffs[.] No rights read and [she] wasn't under arrest." (Doc. 3, at 1.) Plaintiff further states, however, that the officers were responding to a call to her home "by [her] children" indicating there was a gun in Plaintiff's home that was pointed at her daughter. (Doc. 1, at 3.) Plaintiff contends this lead to her being evicted from her home and resulted in her having to pay "for a [monitoring] bracelet and bond that shouldn't have happened." (*Id*., at 4.) The facts as alleged by Plaintiff in her Complaint, as discussed in the next section of this Order, do not constitute a violation of Plaintiff's civil rights and, therefore, do not appear to be viable in federal court. This factor weighs heavily against the appointment of counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422. The Court notes that the factual and

5

legal issues in this case are not unusually complex.  *Cf. **Kayhill v. Unified Govern.***

***of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and

legal issues" in a case involving a former employee's allegations of race, religion,

sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other

untrained individuals who represent themselves *pro se* on various types of claims

in Courts throughout the United States on any given day.  Although Plaintiff is not

trained as an attorney, and while an attorney might present this case more

effectively, this fact alone does not warrant appointment of counsel.  As such, the

Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**C.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma*

*pauperis* case "at any time if the court determines that . . . the action or appeal –

(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty

to review the complaint to ensure a proper balance between these competing

interests."  ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG,

2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is

"the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff indicates her case is about a violation of her civil rights by the Sedgwick County Sheriff's Department, as discussed in the prior section. Plaintiff contends that the actions of the Defendants caused her expense and to be evicted, as well as "extreme anxiety and nightmares…" (Doc. 1, at 4.) Plaintiff also states, however, that the police were responding to a call to her home in which they were told that there was a gun in the home that had been pointed at Plaintiff's daughter. (*Id*.) Plaintiff provides no facts to support a claim that her civil rights were violated by the actions of the Sedgwick County Sheriff's Department or that Defendants responded in any way inappropriately under the circumstances.

Simply stated, Plaintiff has not met "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. As stated above, "[c]onclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson*, 641 Fed.Appx. at 825. The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.

Plaintiff's failure to file such written, specific objections within the 14-day period

will bar appellate review of the proposed findings of fact, conclusions of law, and

the recommended disposition.


**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of August, 2020.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge