# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEANNA PONTING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-2410-DDC-KGG |
| ) | |
| JOSHUA JORGENSEN, *et al.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## REQUEST FOR COUNSEL

In conjunction with her federal court Complaint alleging violations of her civil rights by the Sedgwick County Sheriff's Department (Doc. 1), Plaintiff Deanna Ponting previously filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1) and a motion requesting appointment of counsel (Doc. 4). Upon review of those filings, this Court granted the IFP application, denied the request for counsel, and recommended dismissal of Plaintiff's claims to the District Court. (*See* Docs. 5, 6.) Plaintiff has subsequently filed an additional request for counsel. (Doc. 8.)

1

The Court again notes that <u>there is no constitutional right to have counsel appointed in civil cases such as this one</u>.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).  ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

In its Order on the prior request for counsel, the Court enumerated and analyzed the factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel

to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Plaintiff has given the Court no reason to re-evaluate its prior analysis of Plaintiff's situation in the context of the four *Castner* factors.[1]  The only "new information" in Plaintiff's most-recent request for counsel is Plaintiff's statement that the Court should consider her "statement as well as [her] wellbeing."  (Doc. 8, at 3.)  The Court notes, however, that there is no written statement contained in, or attached to, the motion.  The motion contains no additional discussion of Plaintiff's "wellbeing."  In short, there is no new information for the Court to consider in the context of a request for counsel.

As such, Plaintiff has given the Court no basis by which to revise its prior finding that there is no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  Plaintiff's request for counsel is, therefore, **DENIED**.

---

[1] The Court will incorporate by reference its prior analysis of the *Castner* factors in regard to Plaintiff's request for counsel.  (*See* Doc. 5, at 3-6.)

IT IS THEREFORE ORDERED that Plaintiff's second request for appointment of counsel (Doc. 8) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of October, 2020.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
