## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEANNA PONTING,

        Plaintiff,

v.

JOSHUA JORGENSEN, et al.,

        Defendants.

Case No.  20-2410-DDC-KGG

### MEMORANDUM AND ORDER

This matter comes before the court on Magistrate Judge Gale's Report and Recommendation (Doc. 6) for plaintiff Deanna Ponting's Complaint (Doc. 1).[1]

On August 24, 2020, Judge Gale issued his Report and Recommendation, recommending the court dismiss plaintiff's claims.  Doc. 6 at 1.  The Report and Recommendation concludes the court should dismiss this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to allege plausible civil rights violations by defendants, who are officers with the Wichita Police Department.  *Id.* at 9–10; *see also* Doc. 1 at 2–4.

Judge Gale's Report and Recommendation noted that plaintiff may file written objections to his Report and Recommendation within 14 days after plaintiff was served with a copy of it.  *Id.* at 10.  And, the Report and Recommendation explained, failing to object within that deadline "will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition."  *Id.* at 11.  The Clerk sent a copy of the Report and Recommendation

---

[1]    Plaintiff proceeds pro se.  Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Hall*, 935 F.2d at 1110.

to plaintiff by regular mail on August 24, 2020.  *See* August 24, 2020 Docket Entry, Doc. 6

("Mailed to pro se party Deanna Ponting by regular mail.").  Then, the Clerk sent a copy to

plaintiff by certified mail on September 16, 2020, after plaintiff called with questions about the

Report and Recommendation.  *See* September 16, 2020 Docket Entry, Notice Re:  Pro Se

Mailing following Doc. 6 ("Documents 5 / 6 Memorandum & Order/Report & Recommendation

for Dismissal mailed to Deanna Ponting . . . by certified mail; tracking # 7019 0700 0000 5927

4551.").  A certified mail receipt shows the Report and Recommendation was delivered to, and

signed for by plaintiff on September 28, 2020.  Doc. 7.  Plaintiff filed no objection within the 14

days after she was served with a copy of the Report and Recommendation.  But, on October 14,

2020, plaintiff, without seeking leave, filed an untimely "Statement of [A]ctions" providing more

details about the event leading to the filing of her lawsuit, which the court liberally construes as

an Objection to the Report and Recommendation.  Doc. 9.

      The Report and Recommendation reviewed the facts plaintiff alleged in the Complaint

and concluded plaintiff has not alleged adequately civil rights violations.  Doc. 6 at 5, 6–10.

Plaintiff alleges that officers with the Wichita Police Department violated her civil rights when

they responded to a 911 call.  Doc. 1 at 3.  The Complaint explains that plaintiff's children called

the police and reported a gun was pointed at plaintiff's daughter.  *Id.*  Upon arrival, plaintiff

alleges that the officers harassed her by phone, kicked in her door, "man handled" her, lied,

pointed guns at her, and destroyed her home "based on hear say [sic] of a gun in [her] home

being pointed at [her] daughter."  *Id.*  But, she alleges, the police found no gun.  *Id.*  After this

event, plaintiff was evicted, had to move, and had to pay for a monitoring bracelet and bond.  *Id.*

at 4.

The Report and Recommendation concluded that the Complaint, even when given the most liberal construction, fails to state a plausible claim for relief.  Doc. 6 at 6–10.  The Report and Recommendation explained that plaintiff "provides no facts to support a claim that her civil rights were violated" because she alleges that the police were responding to a call that a gun was pointed at her daughter and she does not allege facts that demonstrate "that [d]efendants responded in any way inappropriately under the circumstances."  *Id.* at 9.  So, Judge Gale recommended dismissal because plaintiff has not met her burden to allege sufficient facts to state a recognizable legal claim.  *Id.* at 10.

When a plaintiff files no objection to a report and recommendation within the time prescribed and has sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  When a plaintiff timely objects to a report and recommendation, the court must review only those portions of the report and recommendation to which plaintiff specifically objects.  *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a *de novo* determination only for those portions of the report and recommendation to which a party specifically has objected).  A proper objection must be timely and must be sufficiently specific, which means it must "enable[ ] the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute."  *Kinnell v. Obama*, No. 13-4066- JAR-DJW, 2014 WL 896619, at *1 (D. Kan. Mar. 6, 2014) (citations and internal quotation marks omitted).  The court reviews proper written objections *de novo* and must "consider

relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995).

Here, the court has reviewed Judge Gale's Report and Recommendation.  The court also has considered plaintiff's Objection, though it was untimely.  The court agrees with Judge Gale's conclusion and overrules plaintiff's Objection.  For reasons explained below, plaintiff's Complaint, even when given the most liberal construction, fails to state a plausible claim for relief.

Plaintiff's Objection does not object specifically to any portions of the Report and Recommendation.  Rather, it makes similar allegations as the Complaint, providing additional detail about the officers' response to the 911 call.  Her Objection explains that the police received a call about a gun.  Doc. 9 at 2.  The officers called plaintiff's phone and beat on her door trying to get into plaintiff's apartment and explaining they were making sure plaintiff was okay.  *Id.*  Plaintiff explains that she told the officers she was alright but refused to open the door.  *Id.*  Instead, she opened the curtains and showed them her person and provided a view through the window into her apartment.  *Id.*  But, the officers had guns drawn and didn't leave when plaintiff requested they do so.  *Id.*  At some point, plaintiff either exited the apartment or was taken out of the apartment by the officers, who, she contends, "man handled" her, broke her phone, and put handcuffs on her without reading her rights or placing her under arrest.  *Id.*  The officers obtained a key from the apartment complex and plaintiff alleges the officers searched her home without permission, destroyed her home, and "arrested [her] husband for nothing."  *Id.*  Plaintiff believes the officers' response to the 911 call violated her civil rights and her privacy.  *Id.* at 3.  The court construes this statement as a general objection to Judge Gale's conclusion that plaintiff has failed to state a plausible claim.  Plaintiff also asserts the officers lied in their

reports, though she doesn't explain how.  *Id.*  Likewise, she contends items were taken from her home, but she doesn't explain which items or who took them.  *Id.*  She explains that following this event she was evicted, has trouble sleeping, and has suffered monetary losses.  *Id.*

The court agrees with Judge Gale's conclusion that plaintiff fails to allege facts sufficient to state a plausible claim for relief that her civil rights were violated under the circumstances presented in her Complaint and her Objection.  Plaintiff alleges facts demonstrating that the officers were responding to a call that a gun was present in plaintiff's home and pointed at her daughter.  Plaintiff asserts there was no gun.  But, she has not alleged facts that show plausibly the officers' actions were unreasonable or violated her civil rights based on the information they received in the 911 call or from plaintiff's actions upon their arrival.  Finally, plaintiff makes conclusory allegations about the officers lying, searching and destroying her property without permission, and handcuffing her without reading her rights.  But, these allegations are conclusory, do not provide each individual officer fair notice of the claims against him or her, and are not sufficient state plausible civil rights claims under the facts presented.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–50 (10th Cir. 2008) (holding a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[] [the] claims across the line from conceivable to plausible," and must "make clear exactly *who* is alleged to have done *what* to *whom*" (citation and internal quotation marks omitted)); *Hall*, 935 F.2d at 1110 (explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based" and that a plaintiff must provide enough facts so the court may "determine whether he makes out a claim").  The court thus overrules plaintiff's Objection and adopts Judge Gale's Report and Recommendation (Doc. 6) that the district court dismiss this

lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED THAT**, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on August 24, 2020 (Doc. 6) is **ACCEPTED, ADOPTED, and AFFIRMED**.  The court dismisses plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**